# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

United States of America,  )
          Plaintiff,  )
          )      CR 11-2498 TUC DCB (GEE)
v.  )
          )      **O R D E R**
Marshal Edwin Home;  )
Margaret Elizabeth Broderick,  )
          Defendants,  )

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) (doc. 103) as the findings of fact and conclusions of law of this Court and denies Defendant's request to represent herself in this matter.

Defendant Broderick is charged, with co-defendant Marshal Edwin Home, in a Superseding Indictment with Fraudulently Presenting False Claims in Bankruptcy, Mail Fraud and Wire Fraud in violation of Title 18, United States Code §§ 152(4), 1341 and 1343.

## MAGISTRATE JUDGE'S RECOMMENDATION

On January 17, 2012, Magistrate Judge Glenda E. Edmonds issued a R&R in regard to Defendant Broderick's request for self-representation. After conducting a *Faretta* hearing,[1] the Magistrate Judge concluded that Broderick's waiver of her right to counsel should be found by this Court to be ineffective. Defendant has been appointed counsel.

---

[1] "'[T]he Sixth Amendment guarantees a defendant a right to counsel but also allows [her] to waive this right and represent [herself] *without* counsel.'" (R&R at 4 (citing *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004) (emphasis in original) (citing *Faretta v. California*, 422 U.S. 806 (1975)).

The Magistrate Judge recommended that Defendant's right to counsel under the Sixth Amendment to the United States Constitution should found to not be waived by the Defendant. The Magistrate Judge found the Defendant does not understand the charges against her and, therefore, her waiver is not knowing and intelligent. Defendant is also not willing to abide by the rules of procedure and courtroom protocol for this Court. The right to self-representation is overridden if the defendant is not competent to waive counsel or if a defendant is not able and willing to abide by rules of procedure and courtroom protocol. (R&R at 4-5 (citing *United States v. Bishop*, 291 F.3d 1100, 1114 (9th Cir. 2002)).

## STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Cr. P. 59(b) (party

objecting to the recommended disposition has fourteen (14) days to file specific, written objections). Defendant Brodrick was given express permission to file, independently of her appointed counsel, an objection to the R&R. Her objection is the only objection filed to the R&R. The Court has considered Defendant Brodrick's objection, the transcript from the *Faretta* hearing, and the R&R.

## OBJECTIONS

The Defendant's Objection fully supports the Magistrate Judge's position that the Defendant does not understand the nature of the action being brought against her by the Government. She continues to maintain this is a "commercial" action. She appears to believe that all actions taken by the United States Government are taken for monetary gain, such as: infrastructure improvements sell bonds; criminal prosecutions raise revenue, and soldiers killed in Afghanistan and Iraq provide life insurance proceeds to the Government. Defendant Broderick challenges the jurisdiction and authority of the Government to hold her and charge her with illegal conduct because it lacks the capacity to contract with her and co-defendant Home.

## CONCLUSION

After *de novo* review, the Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R and finds Defendant Broderick's request to waive counsel is ineffective.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant Broderick's Objection, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** affirming the appointment of counsel for Defendant Broderick.

DATED this 22nd day of February, 2012.

David C. Bury
United States District Judge