IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>vs.<br><br>Marshall Edwin Home,<br><br>               Defendant. | No. cr-11-2498-TUC-DCB (CRP)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant's Motion to Suppress Evidence. (Doc. 189). The Government contests Defendant's Motion. (Doc. 193). Oral argument was held before Magistrate Judge Pyle on December 17, 2012. (Doc. 196). Pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Crim 57.6(d)(1) the Magistrate Judge submits to the District Court this report and recommendation, recommending the Motion be denied.

In his Motion to Suppress, Defendant asks this Court to review Magistrate Judge Estrada's finding of probable cause for the search warrant and find that the determination was error. A court reviewing a magistrate judge's issuance of a search warrant must conclude a search warrant is "validly issued if there is a substantial basis for the magistrate's conclusion 'given all the circumstances set forth in the affidavit before him … there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Tan Duc Nguyen*, 673 F.3d 1259, 1263 (9th Cir.2012) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). "[T]his 'substantial basis' standard of review embodied the great deference that should be shown by reviewing courts to

magistrates' probable cause determinations." *United States v. Seybold*, 726 F.2d 502, 503 (9th Cir.1984) (quoting *Gates*, 462 U.S. at 236).

The Court must determine whether there was a substantial basis for the issuing Magistrate Judge to conclude probable cause existed for the search of Defendant's properties. "The validity of a search warrant depends upon the sufficiency of what is found within the four corners of the underlying affidavit." *United States v. Martinez*, 588 F.2d 1227, 1234 (9th Cir.1978). "An affidavit is sufficient if it establishes probable cause; that is, if the stated facts would reasonably allow a magistrate to believe that the evidence will be found in the stated location." *United States v. Taylor*, 716 F.2d 701, 705 (9th Cir.1983).

In the Motion to Suppress, Defendant argues the affidavit for the search warrant is not supported by probable cause because the affiant relied on an anonymous complainant's unverified and uncorroborated tip, there are no facts to show Defendant acted with criminal intent and the affiant relies on conclusory statements and innuendo. The Court has reviewed the affidavit and finds there was a substantial basis for the issuing magistrate judge to conclude it established probable cause for a search of the three properties.

The nineteen page affidavit for the search warrant is replete with facts supporting probable cause. (Doc. 193-1, pp. 7-25). The affidavit states Defendant is suspected of bankruptcy fraud in addition to other crimes. (*Id.* at 8). Citing the website of Defendant's former business that he operated with his wife, the affidavit states Defendant allegedly filed false Uniform Commercial Code ("UCC") forms and it describes an alleged fraud scheme in which Defendant takes part ownership of clients' foreclosed properties and makes the properties part of his "overall bankruptcy liquidation." (*Id.* at 9). *Lis Pendens* actions and two UCC Financing Statements showed Defendant was, in fact, taking action on various properties in Arizona. (*Id.* at 9). The affidavit also described, in detail, Defendant and his wife's attempt to file a UCC Financing Statement on a property located in Wisconsin. (*Id.* at 9-10). The Wisconsin UCC Financing Statement also

referenced Defendant's company. (*Id*. at 10).

As described in the affidavit, the "bankruptcy liquidation" was an alleged false involuntary bankruptcy Defendant initiated against an entity identified as U.S. Corp. (*Id*. at 13-14). In the bankruptcy litigation, Defendant filed proofs of claims against U.S. Corp. totaling more than $2,500,000,000. (*Id*. at 13-14).

The affidavit provided evidence that Defendant discussed the alleged fraud scheme with his wife's probation officer. While the probation officer was in their home, Defendant told her he had "saved" 50 homes from foreclosure and the probation officer saw evidence of a business being run in the home. (*Id*. at 11). Defendant told the probation officer that he believed mortgages were illegal and he had found a legal loophole to get people out of their mortgages. (*Id*. at 11).

The affidavit also stated Defendant held himself out to be a sovereign citizen and made statements on his company's website including "law enforcement is a lie" and "do not let them take others' rights or yours will disappear also." (*Id*. at 11). Defendant also made statements about Congress's lack of constitutional authority to make laws. (*Id*. at 12).

The affidavit further described Defendant registering the name "Federal National Mortgage Association" with the Arizona Secretary of State as a Trade Name. (*Id*. at 12). This is the official name of a government sponsored entity also known as "Fannie Mae." (*Id*. at 12). Defendant was not an authorized representative of Fannie Mae and did not have authority to convey property owned by the organization. (*Id*. at 12). As a purported representative, Defendant signed deeds purporting to convey properties. (*Id*. at 12-13).

All of the evidence in the affidavit, when pieced together, shows probable cause that Defendant was engaging in criminal activity. Defendant is correct that some of the facts offered in the affidavit, when viewed singularly, are not evidence of criminal activity. It is the duty of the issuing magistrate judge, however, to view all the circumstances to make an informed determination of probable cause. *Gates*, 462 U.S. at 238. A review of the affidavit shows the issuing magistrate judge had a substantial basis

for concluding the affidavit established probable cause. Further, whether the anonymous complainant's tip is verified need not be determined as the other facts offered in the affidavit provided the magistrate judge sufficient probable cause to issue the search warrant.

**Recommendation**

The Magistrate Judge recommends the District Court deny the Motion to Suppress Evidence. (Doc. 189). Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. Responses to objections are permissible. No replies will be permitted without leave of the District Court. The parties are advised that any objections filed are to be identified with the following case number: **cr-11-2498-DCB**.

Dated this 3rd day of January, 2013.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE