IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Marshall Edwin Home,<br><br>Defendant. | No. cr-11-2498-TUC-DCB (CRP)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant's Motion to Dismiss Counts 1 through 3 in the Superseding Indictment. (Docs. 184, 185). The Government contests Defendant's Motion. (Doc. 194). Oral argument was held before Magistrate Judge Pyle on December 17, 2012. (Doc. 196). Pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Crim 57.6(d)(1) the Magistrate Judge submits to the District Court this report and recommendation, recommending the Motion be denied.

In the Superseding Indictment, Defendant is charged in Counts 1 through 3 with bankruptcy fraud. (Doc. 34). Specifically, he is charged with violations of 18 U.S.C. § 152(4) which provides:

> a person who knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney shall be fined under this title, imprisoned not more than 5 years, or both.

A "debtor" under this chapter "means a debtor concerning whom a petition has been filed under Title 11." 18 U.S.C. § 151.

The charges against Defendant derive from a bankruptcy case in which Defendant initiated a Chapter 11 involuntary bankruptcy against an entity he identified as "U.S. Corp" and its "agents and/or instrumentalities." (Doc. 185-1). In the bankruptcy case, Defendant filed a number of proofs of claim on behalf of more than 70 alleged creditors against U.S. Corp. (Doc. 185-7). Defendant filed these claims and other motions in the bankruptcy case as part of an effort to avoid home foreclosures for the creditors. (*See* Doc. 185-3). Within a month of Defendant initiating the bankruptcy case, the bankruptcy court issued an order to show cause why the court should not limit Defendant's filings. (Doc. 185-5). After the show cause hearing, the bankruptcy court entered a written order dismissing the case because U.S. Corp. was not a person, defined as an "individual, partnership, and corporation" and even if it was a corporation, Defendant asserted it was the United States and governmental units cannot be involuntary debtors, except in limited circumstances not applicable. (Doc. 185-7).

In the current criminal case, Defendant seeks dismissal of the bankruptcy fraud charges, arguing it was legally impossible for him to commit the crimes because the statute under which he is charged requires a debtor to be defrauded. Defendant states U.S. Corp. is not a real entity and thus, not a debtor and if it was a real entity, it would be a governmental unit immune from the bankruptcy suit. (Doc. 184). Defendant concludes because U.S. Corp. was either not a real entity or was a name Defendant used to refer to the United States, it was legally impossible for him to commit the crimes charged in Counts 1 through 3 since a real debtor did not exist or was immune from the bankruptcy suit.

The Government contests dismissal of the charges, arguing Defendant conflates legal impossibility with factual impossibility. As the Government argues, the impossibility of success in Defendant's scheme to defraud a debtor identified as U.S. Corp. does not foreclose on the possibility that he violated the law when filing the bankruptcy case against that entity. The Government maintains Defendant is properly charged under the statute because he caused a bankruptcy case to be opened against an

entity he believed to be a debtor and he made false proofs of claims against that debtor. The Government asserts the issue is not one of legal impossibility but rather, the burden of proof required at trial. It will be the Government's burden at trial to prove beyond a reasonable doubt that Defendant knowingly and fraudulently made false claims against a debtor identified as U.S. Corp.

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." Fed.R.Crim.Proc. 7(c)(1). An indictment, sufficient on its face, cannot be challenged by arguing the allegations are not supported by adequate evidence. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996) (internal citations and quotation omitted). The question before the Court is whether the Superseding Indictment sufficiently charges crimes against Defendant in Counts 1 through 3 when the debtor is identified as U.S. Corp. – an entity that is not real. "Legal impossibility exists when the intended acts would not constitute a crime under the applicable law. Factual impossibility refers to those situations in which, unknown to the defendant, the consummation of the intended criminal act is physically impossible." *United States v. McCormick*, 72 F.3d 1404, 1408 (9th Cir.1995).

The line between legal and factual impossibility is a murky one and one that the Ninth Circuit has avoided drawing when possible. *United States v. Quijada*, 588 F.2d 1253, 1255 (9th Cir.1978). In *Quijada*, the Court considered whether a defendant could be convicted of attempt to distribute cocaine when the substance he was attempting to distribute was actually lidocaine hydrochloride, a noncontrolled substance that resembles cocaine. *Id*. at 1254. In finding that the defendant could be convicted for attempting to sell cocaine, the Court elected not to delineate between legal and factual impossibility and rather, to focus on the defendant's intent. *Id*. at 1255. The Court stated "generally a defendant should be treated in accordance with the facts as he supposed them to be. The fact that the pocket was empty should not insulate the pickpocket from prosecution for an attempt to steal." *Id*.

In a relatively recent Ninth Circuit case, the Court held legal impossibility was not

a defense to a charge of using the internet to attempt to induce a minor to engage in sexual activity when the alleged minor was actually an adult undercover police officer. *United States v. Meek*, 366 F.3d 705, 717-718 (9th Cir.2004). Like the Court in *Quijada*, the Court in *Meek* focused on the required *mens rea*. "The guilt arises from the defendant's knowledge of what he intends to do." *Id.* at 718. The Court found a jury could reasonably infer that the defendant knowingly sought sexual activity with a minor. *Id.*

In the case before this Court, Defendant is charged with "knowingly and fraudulently" making false claims against a debtor. A jury could reasonably infer that Defendant knowingly and fraudulently made the false claims against a debtor because Defendant believed U.S. Corp. was a real entity and therefore it could be a debtor. This issue remains for the jury to determine. A motion to dismiss "cannot be used as a device for a summary trial of the evidence." *Jensen*, 93 F.3d at 669.

**Recommendation**

The Magistrate Judge recommends the District Court deny the Motion to Dismiss. (Docs. 184, 185). Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. Responses to objections are permissible. No replies will be permitted without leave of the District Court. The parties are advised that any objections filed are to be identified with the following case number: **cr-11-2498-DCB**.

Dated this 3rd day of January, 2013.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE